**NORTH v. SHARP et al.**

No. 35582.

Supreme Court of Oklahoma.

Feb. 16, 1954.

Carver & Cook, Walter Billingsley, Wewoka, for plaintiff in error.

James F. Haning, Wewoka, for defendants in error.

WELCH, Justice.

Mae Sharp, Albert Sharp, Levedda Dowell, nee Sharp, Leo Sharp, Eugene Sharp, Tom Sharp and Edward Sharp filed their petition seeking to vacate a judgment and proceedings based thereon, and including a sheriff's deed, all as concerns certain real estate claimed by the petitioners and assertedly in the rightful possession of the petitioners. S. N. North, mentioned in said sheriff's deed as grantee of the said real estate, filed an answer to the said petition. The said North will hereinafter be referred to as the defendant.

Trial resulted in judgment for the petitioners for the vacation of the certain former judgments and proceedings based thereon, and for cancellation of the said sheriff's deed. The defendant brings appeal.

At trial there was little dispute as to the evidence. According to testimony and stipulation of the parties the real estate involved was once owned by George Sharp. George Sharp was named a party defendant and served with summons in an action brought to foreclose the liens for past due paving assessments levied against the real estate. George Sharp died. Thereafter, without revivor of action against his representative or heirs, a decree was entered in said action, determining the amounts of the unpaid paving assessment and ordering a sale of the land within six months unless said amounts be paid. The petitioners herein are, respectively, the widow, and the children of George Sharp, deceased.

Shortly after the date of the entry of the aforesaid decree the real estate involved was included in a resale of lands for delinquent ad valorem taxes, and said real estate was sold to the County for the amount of the delinquent ad valorem taxes then due against the land. The county treasurer of the county executed a resale tax deed to the property to the board of county commissioners of the county.

After the issuance of the aforesaid resale deed, the aforementioned board of county commissioners was made a party to the lien foreclosure action. There followed a decree and order of sale of the real estate to satisfy the claims of the county as against the claimants of lien arising from the unpaid paving assessments.

Said order of sale was directed by this court, upon an appeal in the case to this court. See, Board of Com'rs v. City of Wewoka ex rel. Merten, 191 Okl. 233, 129 P.2d 83, following Board of County Com'rs of Seminole County v. City of Wewoka, ex rel. North, 191 Okl. 142, 127 P.2d 826.

Pursuant to said order the said land was sold, and pursuant to an order confirming the sale, a sheriff's deed to the property to the defendant herein was issued.

 With a resale of the lands for ad valorem taxes and purchase by the county, and there being no successful attack upon the validity of the resale proceedings and resale deed, it does not appear that the petitioners herein have any right, title or interest in the land which is the subject-matter of the judgment and sale proceedings brought under attack by the petitioners. It seems clear that if the petitioners are without lawful interest in the subject-matter of the judgment and sale thereunder, they are without lawful right to attack the judgment and proceedings thereunder.

The judgment of the trial court herein vacating its former judgment and sale proceedings thereunder is reversed. The cause is remanded to the trial court with directions to dismiss the petitioners' action.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.